# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN KEITH LARUE, | : | |
| | : | CIVIL DIVISION |
| Plaintiff, | : | |
| | : | |
| vs. | : | Docket Number: 19-932 |
| | : | |
| GREAT ARROW BUILDERS LLC, | : | (Formerly Case No. 10859 of 2019 |
| | : | in the Court of Common Pleas of |
| Defendant. | : | Beaver County) |

## DEFENDANT'S NOTICE OF REMOVAL

To the Clerk of Court:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a)(b), Defendant, Great Arrow Builders LLC ("Defendant"), hereby notifies this Honorable Court of the Removal of Case No. 10859 of 2019, entitled *Brian Keith LaRue v. Great Arrow Builders LLC*, filed on or about July 3, 2019 and pending in the Court of Common Pleas of Beaver County, Pennsylvania ("State Court Action") to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, Defendant states as follows:

## STATEMENT OF THE CASE

1. On or about July 3, 2019, Plaintiff filed a complaint against Defendant in the Court of Common Pleas of Beaver County, Pennsylvania ("Complaint") on behalf of himself and a putative class of employees in which he claimed that Defendant purportedly violated the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay them for overtime under Defendant's "compensation policy" with respect to preliminary and postliminary activities.

{J2517852.1} 1

2. The compensation policy, in fact, is Defendant's collectively bargained agreements ("CBAs") governing Plaintiff's employment. Defendant has attached copies of the relevant CBAs as Exhibit "A."

3. The CBAs, among other things, address hours of work, work time and work duties, rate of pay, compensable time, employer furnished transportation, grievance arbitration, preliminary and postliminary activities, overtime compensation and premium pay credible towards overtime. Adjudication of Plaintiff's PMWA claim would necessitate interpretation of such provisions of the CBAs.

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because the resolution of Plaintiff's PMWA claim, i.e., whether the preliminary and the postliminary activities alleged in the Complaint constitute compensable time, requires interpretation of the CBAs and the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempts a claim for unpaid overtime under the PMWA where such a claim rests directly on the rights created by a collective bargaining agreement or is substantially dependent on analysis of the terms of a collective bargaining agreement.

5. The body of federal common law under Section 301(a) of the LMRA completely preempts state law claims based on or requiring interpretation of a collective bargaining agreement, thereby providing an independent basis for removal. *See Pennsylvania Fed'n of Bhd. of Maint. Of Way Employees by Dodd v. Nat'l R.R. Passenger Corp. (Amtrak)*, 989 F.2d 112, 115 (3d Cir. 1993) (PMWA claim preempted because determining whether travel time is part of an employee's duties, occurs during normal working hours, or takes place on the employer's premises would require interpretation of the parties' collective bargaining agreement); *Townsend v. BC Natural Chicken, LLC,* 2007 WL 442386 (E.D. Pa. 2007) (determining whether the

{J2517852.1} 2

plaintiffs' claim that time spent donning and doffing personal protective equipment constitutes hours worked requires interpretation of the collective bargaining agreement, thereby requiring the court to find preemption).

6. On July 11, 2019, the Sheriff of Beaver County served the Complaint on Defendant.

7. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of the Complaint and the proof of service respectively as Exhibit "B" and Exhibit "C."

8. Pursuant to 28 U.S.C. § 1446(b), Defendant timely removed this action by filing the Notice of Removal within thirty (30) days from the date on which Plaintiff served the Complaint.

9. Pursuant to 28 U.S.C. §1446(d), Defendant concurrently has filed a copy of the Notice of Removal in the State Court Action with the Prothonotary of the Court of Common Pleas of Beaver County, Pennsylvania and has attached a copy of Notice of Filing of the Notice of Removal as Exhibit "D."

10. Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), the United States District Court for the Western District of Pennsylvania is the proper venue for removal because it is the federal judicial district that encompasses the Court of Common Pleas of Beaver County, Pennsylvania where Plaintiff filed the State Court Action.

11. By filing this Notice of Removal, Defendant does not waive and expressly reserves any and all objections it may have with respect to service, jurisdiction, venue, or any other defenses or objections.

12. By filing this Notice of Removal, Defendant does not make any admission of fact, law, or liability, and it expressly reserves the right to raise any procedural and/or substantive defenses.

WHEREFORE, Defendant, Great Arrow Builders LLC, removes the State Court Action from the Court of Common Pleas of Beaver County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

July 31, 2019

*/s/ Clare M. Gallagher*
Clare M. Gallagher, PA I.D. 47178
Michael D. Jones, PA I.D. 65540
Derek J. Illar, PA ID 307492
Lindsey C. Kennedy, PA I.D. 318318
Taylor N. Brailey, PA I.D. 324308
Eckert Seamans Cherin & Mellott, LLC
44th Floor U.S. Steel Tower
600 Grant Street
Pittsburgh, Pennsylvania 15219
Phone:      412-566-5900
Facsimile:  412-566-6099
cgallagher@eckertseamans.com
mdjones@eckertseamans.com
dillar@eckertseamans.com
lkennedy@eckertseamans.com
tbrailey@eckertseamans.com

*Attorneys for Defendant, Great Arrow Builders LLC*

## CERTIFICATE OF SERVICE

I, Clare Gallagher, hereby certify that a true and correct copy of the within Notice of Removal was served on the counsel for Plaintiff and the Putative Class by e-mailing the same to the e-mail addresses below and mailing the same to the addresses below by first class mail with the United States Postal Service on July 31, 2019.

Mr. Timothy Conboy, Esquire
ConboyLaw, LLC
733 Washington Road, Suite 201
Pittsburgh, Pennsylvania 15228
tim@ConboyLaw.com

Mr. Peter Winebrake, Esquire
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025
pwinebrake@winebrakelaw.com

*/s/ Clare M. Gallagher*
Clare M. Gallagher

{J2517852.1}                5